United States District Court
Southern District of Texas
FILED

FEB 0 3 2017

United States Bankruptcy Court

___Southern___ District Of ___Texas___

David J. Bradley, Clerk of Court

| | |
|---|---|
| In re **Ieeshia K. Lawrence**<br>Debtor<br><br>**Ieeshia K. Lawrence**<br>Plaintiff<br><br>Vs<br><br>**Fed Loan Servicing**<br>**University of Houston-Downtown**<br>**Texas A&M University**<br>**Navient**<br>Defendent | Case No. __17-30216__<br><br>Chapter _7_<br><br>Adv. Proc. No.<br><br><br><u>COMPLAINT</u> |

### ORDER

This matter comes before me on complaint to determine the discharge ability of student loan debts filed by Ms. Ieeshia K. Lawrence ("Debtor"). The debts in question concern student loans held by University of Houston-Downtown, Fed Loan Servicing, Navient, and Texas A&M University collectively "Defendants." Debtor claims the student loans are dischargeable under the undue hardship exception of 11 U.S.C. §523(a)(8).1 This is a core proceeding under 28 U.S.C. §157(b)(2)(I). After considering all the evidence presented and applicable authorities, I conclude that the debts owed to Fed Loan Servicing, which are eligible for consolidation should be considered for discharge. The portion of the University of Houston-Downtown, Navient, and Texas A&M University debt portion which is not eligible for consolidation is discharged.

1 | Page

The facts are as follows. Debtor filed a Chapter 7 case on January 13, 2017. At the time of the petition and presently Debtor is employed by Texas Health and Human Services Commission, serving as a Texas Works Advisor and is not practicing in the area of current bachelor's degree. Debtor is 32 years-old and has a 34-year-old husband who is battling eye impairment and is not working at this time. The couple has two young children ages 4yrs and 10yrs. Debtor incurred substantial student loan debt while obtaining undergraduate degree majoring in accounting and business. She owes University of Houston-Downtown approximately $5,000 for a tuition loan, $74,000 to Fed Loan Servicing for the consolidation of federal student loans, approximately $12,000 to Texas A&M University for a tuition loan, and approximately $9,000 to Navient for a federal private loan. 2 Approximately $26,000.00 of Debtor balance owed from tuition debt and private loans do not meet the eligibility requirements for consolidation in the William D. Ford Federal Direct Loan Program set forth in 34 C.F.R. §365.

Debtor's Schedule I showed that Debtor had a monthly net income $1,888.63. Schedule J indicates monthly expenses of $1,939.00 for a net income of -$50.37. Debtor seeks the discharge of her student loans and the parties have stipulated that the debts are of the kind governed by §523(a)(8). These debts are nondischargeable unless their exception to discharge would constitute an undue hardship to the Debtor. 11 U.S.C. §523(a)(8). Debtor asserts that having to pay approximately $101,826.00 in student loans will impose an undue hardship on her and her family. To determine whether the undue hardship exception should

...
...

apply, the parties agree that Brunner v. New York State Higher Education Servs. Corp. (In re Brunner), 46 B.R. 752 (S.D.N.Y. 1985), aff'd 831 F.2d. 395 (2d. Cir. 1987), which was adopted in this district in Kemp v. Georgia Higher Educ. Assistance Corp. (In re Kemp), No. 95-4032 (Bankr. S.D. Ga. November 28, 1995) (Davis, C.J.) controls. Under the Brunner test, a debtor must establish three elements to qualify for the undue hardship exception. First, the debtor must establish that she cannot, based on current income and expenses, maintain a "minimal" standard of living for herself and her dependents if forced to repay the loans; second, that this state of affairs is likely to persist for a significant portion of the repayment period of the student loan; and third, that the debtor has made good faith efforts to repay the loans. Brunner, 831 F.2d. at 396.

The first prong of the Brunner test is satisfied. The Debtor's Schedules I & J establishes that she cannot maintain a "minimal" standard of living if forced to repay the loans on their current terms. "The petition date is the watershed date of a bankruptcy proceeding. As of this date, creditors' rights are fixed (as much as possible), the bankruptcy estate is created, and the value of the debtor's exemptions is determined." Johnson v. General Motors Acceptance Corp. (In re Johnson),165 B.R. 524, 528 (S.D. Ga. 1994); See Rivers v. United Student Aid Funds, Inc. (In re Rivers), Ch. 13 Case No. 96-41655, Adv. No. 96-04212A, slip op. at 9 (Bankr. S.D. Ga. September 8, 1997)(Walker, J.)(looking at debtor's schedule to determine first prong of Brunner test). As stated in Canady v. Canady (In re Canady), Chapter 7 Case No. 95-

11624, Adversary Proceeding No. 95-01117A, slip op. at 9 (Bankr. S.D. Ga. September 16, 1996)(Dalis, J.), "[s]chedules I & J reflect not only the debtor's financial condition on the date of the petition, but also contemplates the effect of debtor's impending discharge." However, utilizing Schedules I & J does not preclude evidence showing that the debtor artificially inflated expenses or deflated her income in order to receive the discharge. Walford/Hillman v. Walford (In re Walford), Chapter 7 Case No. 97-10538, Adversary Proceeding No. 9701026A, slip op. at 6 (Bankr. S.D. Ga. August 29, 1997)(Dalis, CJ.). Evidence of a tithe expense being left out was proffered. However, the tithe was not left off in a bad faith effort to deflate the Debtor's expenses which would not make sense as Debtor is attempting to show an inability to meet expenses. Therefore, the schedules are to be considered as an accurate reflection of Debtor's financial condition.

A review of Debtor's Schedule I shows that Debtor has a total net income of $1,888.63. Schedule J indicates Debtor has monthly expenses of $1,939.00 for a net income of -$50.37. Her other expenses are reasonable expenditures for a household of four. Clearly, if Debtor is required to pay off the student loans of $101,826.00, she will be unable to maintain a minimal standard of living and provide a financially secure future for her children.

The third prong of the Brunner test that Debtor has made a good faith effort to repay the loans is also met. Good faith will be found if there is a lack of evidence of bad faith. See Rivers v. United Student Aid Funds, Inc. (In re Rivers), Ch. 13 Case No. 9641655, Adv. No. 96-04212A, slip

op. at 9 (Bankr. S.D. Ga. September 8, 1997) (Walker, J.)(Stating that debtor meets the third element because debtor has not shown any bad faith by an inability to pay the debt). Debtor testifies to attempts made to repay the loans to the extent she could. An inability to pay is not evidence of bad faith. Therefore, the third prong of the Brunner test has been satisfied.

**JURISDICTION**

This court has jurisdiction under 28 U.S.C. § 157 to hear this adversary proceeding. Debtor initiates this proceeding under § 157(b)(2)(I) to determine her student loans are dischargeable because they cause either her or her dependents to suffer undue hardship.

**CAUSE OF ACTION**

1. Because of Debtor's one household income, spouse's unemployment, and low wages. She cannot afford to repay her student loans at this time or in the reasonable foreseeable future. Debtor's student loans pose an undue hardship on her, her spouse, and most of all her children's future.

**PRAYER**

Ieeshia K. Lawrence ("Debtor") respectfully ask that the court determine that her student loan debt owed to University of Houston-Downtown, Fed loan Servicing, Texas A&M University, and Navient is dischargeable as an undue hardship.


Respectfully Submitted,

_____
Ieeshia K. Lawrence, pro se